# In the United States Court of Federal Claims

|  |  |
|---|---|
| ASHLEY BLACK,<br>　　　　　　　Plaintiff,<br>　　v.<br>THE UNITED STATES,<br>　　　　　　　Defendant. | No. 25-cv-0827<br>(Filed: September 19, 2025) |

**ORDER**

On May 14, 2025, pro se plaintiff, Ashley Black ("Ms. Black"), filed a Complaint seeking damages for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence in safeguarding confidential information, and intentional infliction of emotional distress. Thereafter, Ms. Black flooded the Court with deficient filings, electronic communications, and seven new cases[1]—despite the Court issuing two Show Cause Orders ordering Ms. Black to comply with the Rules of the United States Court of Federal Claims ("RCFC"). *See* Order to Show Cause, ECF No. 15; Order to Show Cause, ECF No. 20. For the reasons explained below, Ms. Black is **ENJOINED** from making further submissions in the Court without first obtaining leave of the Chief Judge.

The Court imposes anti-filing sanctions "where a pro se litigant has engaged in repeated and frivolous lawsuits." *O'Diah v. United States*, 722 F. App'x 1001, 1004 (Fed. Cir. 2018) (citing *Bergman v. Dep't of Commerce*, 3 F.3d 432, 435 (Fed. Cir. 1993); *In re Powell*, 851 F.2d 427, 430–31 (D.C. Cir. 1988)). "[C]ourts are particularly cautious about imposing sanctions on a pro se litigant, whose improper conduct may be attributed to ignorance of the law and proper procedures." *Id.* at 1004 (citing *Finch v. Hughes Aircraft Co.*, 926 F.2d 1574, 1582 (Fed. Cir. 1991)). Thus, courts must "take great care not to unduly impair a litigant's constitutional right of access to the courts." *Hemphill v. Kimberly-Clark Corp.*, 374 F. App'x 41, 44–45 (Fed. Cir. 2010) (citations omitted). Before issuing an anti-filing injunction, the Court must provide the litigant with "notice that [an anti-filing injunction] is being considered and an opportunity to be

---

[1] *See Black v. United States*, Case No. 25-cv-0827, filed on May 14, 2025 ("*Black I*"); *Black v. United States*, Case No. 25-cv-1295, filed on August 5, 2025 ("*Black II*"); *Black v. United States*, Case No. 25-cv-1296, filed on August 5, 2025 ("*Black III*"); *Black v. United States*, Case No. 25-cv-1299, filed on August 5, 2025 ("*Black IV*"); *Black v. United States*, Case No. 25-cv-1301, filed on August 5, 2025 ("*Black V*"); *Black v. United States*, Case No. 25-cv-1505, filed on September 10, 2025 ("*Black VI*"); *Black v. United States*, Case No. 25-cv-1506, filed on September 10, 2025 ("*Black VII*"); and *Black v. United States*, Case No. 25-cv-1507, filed on September 10, 2025 ("*Black VIII*").

heard on the question of whether it should be imposed." *Allen v. United States*, 88 F.4th 983, 989 (Fed. Cir. 2023).

After undertaking a review of "the record and procedural history" of Ms. Black's case, the Court finds that Ms. Black's continued filings violate Rule 11(b) and concludes that anti-filing sanctions are appropriate under RCFC 11(c). *O'Diah*, 722 F. App'x at 1004.

Between May 16, 2025 and May 29, 2025, Ms. Black attempted to file 19 defective submissions. Acknowledging that pro se plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," the Court generously construed the filings as an Amended Complaint. *See Harris v. United States*, 113 Fed. Cl. 290, 292 (2013); *see also* Order, ECF No. 5. Along with a deluge of miscellaneous filings, Ms. Black sent the Court dozens of emails per hour—often emailing within minutes of her last communication—prompting the Court's revocation of Ms. Black's electronic filing privileges. *See* Order, ECF No. 6. On June 27, 2025, the Court rejected an additional 24 deficient documents submitted by Ms. Black. Order, ECF No 11.

On July 10, 2025, the Court entered an Order to Show Cause, ECF No. 15, requesting that Ms. Black show cause as to why the Court should not impose an anti-filing injunction restricting further filings in this case. On July 21, 2025, Ms. Black filed a Response to the Order to Show Cause, ECF No. 17, and a few days later filed an Amended Response to the Order to Show Cause ("Amended Response" or "Am. Resp."), ECF No. 19. Ms. Black acknowledged that her "filing pattern [had] been intense" and "voluminous." Am. Resp. at 2.

Less than a week after the Court received Ms. Black's Amended Response, Ms. Black filed another amended complaint and four new cases. *See generally Black II*, 25-cv-1295, *Black III*, 25-cv-1296, *Black IV*, 25-cv-1299, *Black V*, 25-cv-1301.[2] Pursuant to RCFC 40.1(a), the cases were randomly assigned to four judges and thereafter transferred to Judge Robin M. Meriweather. During the following week, Ms. Black filed 18 deficient submissions in those cases. *See Black III*, Docket Report. The consolidated cases were dismissed for lack of subject matter jurisdiction. *See Black III*, Order of Dismissal, ECF No. 9.

On August 18, 2025, the Court issued a second Order to Show Cause, ECF No. 20, requesting that Ms. Black show cause as to why the Court should not impose an anti-filing injunction restricting further filings in the Court. On September 2, 2025, Ms. Black filed a Response to the Show Cause Order explaining that her "'pattern' of repetitive filing" is an "effort to secure a forum" for her constitutional claims. Response to the Order to Show Cause, ECF No. 22 ("Response"). Within a week of filing the Response, Ms. Black filed three new cases[3] with the Court. The new cases are largely duplicative of Ms. Black's prior cases which

---

[2] The cases were consolidated and *Black III* was designated the lead case in the matter. *See Black III*, 25-cv-1296, Order, ECF No. 8.

[3] *See Black VI*, Case No. 25-cv-1505; *Black VII*, Case No. 25-cv-1506; and *Black VIII*, Case No. 25-cv-1507. Pursuant to RCFC 40.1(a), the cases were randomly assigned to four judges and thereafter transferred to Judge Robin M. Meriweather.

were dismissed for lack of subject matter jurisdiction and failure to state a claim. Again, Ms. Black raises claims on behalf of herself and Jeremy Pullins ("Mr. Pullins")[4] against the United States District Court for the Northern District of Illinois, judges, and staff alleging constitutional violations, denial of access to the courts, judicial bias, unlawful dismissal with prejudice, and deprivation of due process. *See Black VI*, Compl. at 1, 2, ECF No. 1; *Black VII*, Compl. at 2, 3, ECF No. 1; *Black VIII*, Compl. at 1, ECF No. 1. The claims in the new cases suffer from the same defects that predicated the dismissal of the previous cases.

Since May, Ms. Black has burdened the Court with deficient miscellaneous filings, duplicative new case filings, and extensive communications in violations of the Court's rules. Through such actions, Ms. Black established a "vexatious pattern of filing multiple duplicative lawsuits." *Hemphill*, 374 Fed. App'x at 46 (applying *In re Powell*, 851 F.2d at 430–31). Twice the Court provided Ms. Black with notice that an anti-filing injunction was being considered. *See* Order to Show Cause, ECF No. 15; Order to Show Cause, ECF No. 20. Ms. Black was warned that her conduct must comply with the Court's rules. Moreover, Ms. Black had multiple opportunities to establish why an anti-filing injunction would be inappropriate. *See* Response, ECF No. 17, Amended Response, ECF No. 19; Response, ECF No. 22. Yet, Ms. Black continued her vexatious pattern of litigation.

Accordingly, the Clerk of Court is **ORDERED** to immediately **ENJOIN** Ms. Black from filing any new documents with the Court without first obtaining leave from the Chief Judge. Any motion for leave to file must include as an attachment a full complaint that meets all the requirements of RCFC 8, including an explanation on why the complaint is timely and properly before this Court and unrelated to any prior litigation Ms. Black has pursued. If the Court grants a motion for leave to file, Ms. Black will be required to pay in full the Court's filing fee to proceed.

It is further **ORDERED** that the Clerk of Court shall **DISMISS** Ms. Black's duplicative September 10, 2025 complaints: *Black v. United States*, Case No. 25-cv-1505; *Black v. United States*, Case No. 25-cv-1506; and *Black v. United States*, Case No. 25-cv-1507. The Clerk shall reject all future complaints and correspondence from Ms. Black unless filed by leave of the court.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge

---

[4] The Court informed Ms. Black that Rule 83.1(3) prohibits a pro se litigant, such as Ms. Black, from representing Mr. Pullins. *See* Order, ECF No. 5. Ms. Black cannot allege claims or file documents on Mr. Pullin's behalf.