# In the United States Court of Federal Claims

|  |  |
|---|---|
| ASHLEY BLACK,<br><br>      Plaintiff,<br><br> v.<br><br>THE UNITED STATES,<br><br>      Defendant. | No. 25-cv-0827<br>(Filed: October 21, 2025) |

Ashley Black, pro se.

Joshua M. Moore, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for Defendant. With him on the briefs were Brett A. Shumate, Assistant Attorney General, Patricia M. McCarthy, Director, and Geoffrey M. Long, Acting Assistant Director.

### **OPINION AND ORDER OF DISMISSAL**

Meriweather, Judge.

  On May 14, 2025, Plaintiff Ashley Black ("Ms. Black"), proceeding pro se, filed a Complaint seeking damages for breach of contract, breach of the implied covenant of good faith and fair dealing, negligence in safeguarding confidential information, and intentional infliction of emotional distress.[1] *See* Compl., ECF No. 1 at 2–3, 5–6. On May 19, 2025, Ms. Black filed a deficient document which the Court construed to be an amended complaint.[2] *See* Am. Compl., ECF No. 8. The Amended Complaint and attachments, while difficult to follow, raise claims related to litigation initiated in the Northern District of Illinois.[3] Ms. Black alleges judicial misconduct, denial of access to the court, ongoing trauma and emotional distress, appellate

---

  [1] Ms. Black appears to be similarly situated with Jeremy Kinsey, a plaintiff who simultaneously filed a complaint at the Court of Federal Claims. *See Kinsey v. United States*, No. 25-cv-0859.

  [2] Deficient documents received on or before May 29, 2025, were construed as attachments to the Amended Complaint.

  [3] *See Black v. BPM LLP, et al.*, No. 25-cv-1112 (N.D. Ill.).

1

interference and record tampering, unconstitutional taking of property, and violations of her civil and constitutional rights and international law. *See generally* Am. Compl. The claims are brought against parties involved in Ms. Black's ongoing litigation including individual defendants and their legal counsel, judicial officers, and the Seventh Circuit Court of Appeals.

On June 25, 2025, the United States filed a Motion to Dismiss pursuant to Rule 12(b)(1) of the Rules of the United States Court Federal Claims ("RCFC"). *See* Def.'s Motion to Dismiss, ECF No. 10 ("Mot."). Giving deference to Ms. Black due to her pro se status, the United States contends that the Court should dismiss Ms. Black's Amended Complaint as "her claims challenging the actions of other tribunals and private parties are frivolous as they lack an arguable basis in law or in fact and this Court manifestly lacks jurisdiction over them." *Id.* at 1. The United States contends that although "some of Ms. Black's claims are couched in terms with potential to be within this Court's jurisdiction;" Ms. Black "fails to assert a non-frivolous basis for the Court's jurisdiction." *Id.* at 2. Having reviewed the parties' briefs and the relevant law, the Court **GRANTS** the United States' Motion to Dismiss, ECF No. 10, and **DISMISSES** Ms. Black's Amended Complaint, ECF No. 8.[4]

## BACKGROUND[5]

Ms. Black's Amended Complaint asserts claims on behalf of herself, Jaffrey Pullins,[6]

---

[4] This Opinion and Order is based on the following filings: Compl., ECF No. 1; Am. Compl., ECF No. 8; Am. Compl. Ex's, ECF No. 8-1–8-49; Mot., ECF No. 10; Pl.'s Resp., ECF No. 13; Def.'s Reply, ECF No. 16. Throughout, page citations to documents in the record refer to the document's original pagination, unless the page is designated with an asterisk (*e.g.*, *1), in which case the reference is to the pagination assigned by PACER/ECF.

[5] As this case is at the motion-to-dismiss stage, this Opinion recites and assumes the truth of the factual allegations in the Complaint. *See General Mills Inc. v. Kraft Foods Global, Inc.*, 487 F.3d 1368, 1371 n.1 (Fed. Cir. 2007); *Cotter Corp. (N.S.L.) v. United States*, 165 Fed. Cl. 138, 145 (2023).

[6] Mr. Pullins is named as a plaintiff throughout the Amended Complaint. *See* Am. Compl. at 16; Am. Compl. Ex. 8-2, at 49–87; Am. Compl. Ex. 8-22; Am. Compl. Ex. 8-25; Am. Compl. Ex. 8-28; Am. Compl. Ex. 8-33; Am. Compl. Ex. 8-37; Am. Compl. Ex. 8-40; Am. Compl. Ex. 8-43; Am. Compl. Ex. 8-45; Am. Compl. Ex. 8-47.

Jeremy Kinsey,[7] and Harmony Wrencher,[8] Ms. Black's daughter.[9]  Ms. Black's Amended Complaint alleges: (1) violations of the First, Fourth, Fifth, Eighth, Fourteenth, and Fifteenth Amendments, Am. Compl. at 3, 4, 10; (2) fraud and tortious conduct and abuse of power by the courts, *Id.* at 4, Am. Compl. Ex. 8-2 at 4; (3) tortious interference in business relations and identity fraud, Am. Compl. at 7; (4) constitutional torts, *Id.* at 12, 111–14, Am. Compl. Ex. 8-29 at 3; (5) takings claims, Am. Compl. Ex. 8-46; and (6) violations of multilateral human rights treaties, Am. Compl. Ex. 8-48, Am. Compl. Ex., 8-49.  Ms. Black includes claims against Judge April Perry, Chief Judge Virginia Kendall, Northern District of Illinois clerks and court staff, unknown federal officers, Hinshaw & Culbertson LLP, and individuals including Victoria Olson ("Ms. Olson") and Ayinde Love ("Ms. Love").  *See* Am. Compl. at 16.

On January 31, 2025, Ms. Black filed her case in the Northern District of Illinois. Compl. at 2.  The case was dismissed as frivolous on March 24, 2025.  *Id.* at 5; s*ee Black v. BPM LLP, et al.*, No. 25-cv-1112, Order.  Subsequently, the Seventh Circuit Court of Appeals dismissed Ms. Black's appeal for failure to comply with court rules.  *See Black v. BPM LLP, et al.*, No. 25-cv-1607 (7th Cir.), Docket; *see also* Am. Compl. Ex. 8-6 at 1 (dismissing the case for failure to comply with Circuit Rule 3(c)).  Here, Ms. Black's claims arise from the Northern District of Illinois and Seventh Circuit Court of Appeals proceedings.  Ms. Black alleges that she entered into a nondisclosure agreement with the District Court which was breached when the court provided information about the case to "unserved defendants" including Ms. Olson, Ms. Love, and BPM LLP.  Compl. at 2, 4–5.  After filing her district court complaint, Ms. Black received an answer and a motion to dismiss from Ms. Olson at her home address, prompting Ms. Black to file a report with the Chicago Police Department about "retaliatory" legal mail.  *Id*.  The ensuing actions taken by the individuals, judicial officers, and attorneys are the focal point of Ms. Black's Amended Complaint.

Since filing the Complaint, "Ms. Black has burdened the Court with deficient miscellaneous filings, duplicative new case filings, and extensive communications in violation[] of the Court's rules."[10]  Anti-Filing Inj. Order at 3, ECF No. 23.  On July 10, 2025, the Court

---

[7] Mr. Kinsey is named as a plaintiff throughout the Amended Complaint.  *See* Am. Compl. at 16; Am. Compl. Ex. 8-2 at 49, 53, 83; Am. Compl. Ex. 8-4 at 23, 34; Am. Compl. Ex. 8-23; Am. Compl. Ex. 8-24; Am. Compl. Ex. 8-31; Am. Compl. Ex. 8-34; Am. Compl. Ex. 8-36.

[8] Ms. Wrencher is named as a plaintiff throughout the Amended Complaint.  *See* Am. Compl. at 16; Am. Compl. Ex. 8-2 at 18, 23, 29, 38, 42, 49, 53; Am. Compl. Ex. 8-4 at 11, 37; Am. Compl. Ex. 8-20; Am. Compl. Ex. 8-26; Am. Compl. Ex. 8-30; Am. Compl. Ex. 8-32; Am. Compl. Ex. 8-38; Am. Compl. Ex. 8-41; Am. Compl. Ex. 8-44; Am. Compl. Ex. 8-49.

[9] The Court informed Ms. Black that Rule 83.1(3) prohibits a pro se litigant, such as Ms. Black, from representing Mr. Pullins and Mr. Kinsey.  *See* Order, ECF No. 5.  Ms. Black is unable to allege claims or file documents on their behalf.  Pursuant to Rule 83.1(3), all claims raised on behalf of Mr. Pullins and Mr. Kinsey are **DISMISSED**.

[10] *See Black v. United States*, Case No. 25-cv-1295, filed on August 5, 2025 ("*Black II*"); *Black v. United States*, Case No. 25-cv-1296, filed on August 5, 2025 ("*Black III*"); *Black v.*

entered an Order to Show Cause, ECF No. 15, requesting that Ms. Black show cause as to why the Court should not impose an anti-filing injunction restricting further filings in this case. Ms. Black continued to violate the Court's rules despite acknowledging her "intense" and "voluminous" filing pattern. Am. Resp. at 2. On August 18, 2025, the Court issued a second Order to Show Cause, ECF No. 20, requesting that Ms. Black show cause as to why the Court should not impose an anti-filing injunction restricting further filings in the Court. On September 2, 2025, Ms. Black filed a Response to the Show Cause Order explaining that her "'pattern' of repetitive filing" is an "effort to secure a forum" for her constitutional claims. Response to the Order to Show Cause, ECF No. 22 ("Response"). Within a week of filing the Response, Ms. Black filed three new cases with the Court.[11] Because Ms. Black's behavior established a "vexatious pattern of filing multiple duplicative lawsuits," the Court issued an injunction prohibiting Ms. Black from filing any new documents with the Court without first obtaining leave from the Chief Judge. *Hemphill v. Kimberly-Clark Corp.*, 374 F. App'x 41, 46 (Fed. Cir. 2010) (applying *In re Powell*, 851 F.2d 427, 430–31 (D.C. Cir. 1988)); *see* Anti-filing Inj. Order at 3.

## LEGAL STANDARD

Pro se plaintiffs, such as Ms. Black, are held to a less stringent standard than plaintiffs with attorney representation; however, Ms. Black still bears the burden of establishing the Court's jurisdiction. *See Hale v. United States*, 143 Fed. Cl. 180, 184 (2019) ("[E]ven pro se plaintiffs must persuade the court that jurisdictional requirements have been met.") (citing *Bernard v. United States*, 59 Fed. Cl. 497, 499 (2004)); *Riles v. United States*, 93 Fed. Cl. 163, 165 (2010) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." RCFC 12(h)(3); *see* RCFC 12(b)(1); *see also Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the [C]ourt *sua sponte*.") (citing *Fanning, Philips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998)).

The Court derives its power primarily from the Tucker Act, which provides, in relevant part:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department,

---

*United States*, Case No. 25-cv-1299, filed on August 5, 2025 ("*Black IV*"); *Black v. United States*, Case No. 25-cv-1301, filed on August 5, 2025 ("*Black V*"); *Black v. United States*, Case No. 25-cv-1505, filed on September 10, 2025 ("*Black VI*"); *Black v. United States*, Case No. 25-cv-1506, filed on September 10, 2025 ("*Black VII*"); and *Black v. United States*, Case No. 25-cv-1507, filed on September 10, 2025 ("*Black VIII*").

[11] *See Black VI*, Case No. 25-cv-1505; *Black VII*, Case No. 25-cv-1506; and *Black VIII*, Case No. 25-cv-1507. Pursuant to RCFC 40.1(a), the cases were randomly assigned to four judges and thereafter transferred to Judge Robin M. Meriweather.

or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1). Importantly, the Tucker Act is "only a jurisdictional statute; it does not create any substantive right enforceable against the United States for money damages." *United States v. Testan*, 424 U.S. 392, 398 (1976). Therefore, to establish that a case falls within this Court's limited jurisdiction, plaintiffs must base their claims on a substantive law that "can fairly be interpreted as mandating compensation by the Federal Government for the damage sustained." *Doe v. United States*, 463 F.3d 1314, 1324 (Fed. Cir. 2006) (citing *United States v. Mitchell*, 463 U.S. 206, 217 (1983)). This is commonly referred to as a "money-mandating" statute. *Id.*

## DISCUSSION

### I. The Court Lacks Subject-Matter Jurisdiction Over Ms. Black's Claims.

The Court lacks jurisdiction over Ms. Black's claims because there is no applicable money-mandating statute on which she can base her claims.

First, Ms. Black's contract claims asserted against the Northern District of Illinois for breach of a nondisclosure agreement fail. *See* Am. Compl. at 4, 13; Compl. at 2. "While this Court generally has 'jurisdiction over express and implied-in-fact contracts,' it lacks [subject-matter] jurisdiction over such claims where a plaintiff fails to plausibly allege such a contract." *Doiban v. United States*, 173 Fed. Cl. 527, 536 (2024) (citing *Stephens v. United States*, 165 Fed. Cl. 341, 347 (2023)); *Barksdale v. United States*, 174 Fed. Cl. 168, 175 (2024) (This Court "may dismiss a claim for lack of jurisdiction where a plaintiff fails to plausibly allege [] a contract"); *see also Starrett v. United States*, No. 2022-cv-1555, 2023 WL 152827, at *4 (Fed. Cir. Jan. 11, 2023) ("Because . . . [plaintiff did] not plausibly allege the existence of an express or implied contract with the United States, the Claims Court lacked subject-matter jurisdiction over the case and correctly dismissed [plaintiff's] complaint."). Indeed, it is practically hornbook law that to prevail on a breach-of-contract claim, a plaintiff must demonstrate, "in the first place," the existence of a "binding agreement," *i.e.*, a contract. *Anderson v. United States*, 344 F.3d 1343, 1353 (Fed. Cir. 2003) (cleaned up). "The requirements for a contract between the United States and a private party are (1) mutuality of intent to contract, (2) consideration, (3) lack of ambiguity in offer and acceptance, and (4) authority on the part of the government agent entering the contract." *Suess v. United States*, 535 F.3d 1348, 1359 (Fed. Cir. 2008). At the motion-to-dismiss stage, "a complaint must make more than 'tender[ ] naked assertions devoid of further factual enhancement.'" *Richardson v. United States*, No. 23-cv-1365, 2023 WL 8798072, at *2 (Fed. Cl. Dec. 19, 2023) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (dismissing plaintiff's claim for breach of contract where the complaint contained "one bare allegation" of breach of a contract with the United States). Ms. Black must therefore allege detailed facts "that could plausibly be interpreted as manifesting a government intent to form a contract." *Starrett*, 2023 WL 152827, at *3.

Ms. Black's Amended Complaint does not plausibly allege the existence of a contract with the United States sufficient to confer this Court's jurisdiction. Ms. Black's contract claims

are based on model nondisclosure forms with the names of individual defendants handwritten on the form. *See* Compl. at 20–25 (naming Craig Hamm as defendant), 26–28 (naming James Lichau CPA as defendant), 29–30 (naming William J. Emerson Heery as defendant), 32–43 (naming William J. Emerson Heery as defendant), 61–64 (naming Ms. Olson as defendant), 66–69 (naming James Elliot as defendant), 72–73 (naming Ms. Love as defendant). Ms. Black signed the forms, but no other parties signed them and none of the forms were docketed. *See Black v. BPM LLP, et al.*, No. 25-cv-112, Docket. Ms. Black's bare allegations—based on unsigned, boilerplate documents, naming non-government individuals—are insufficient to demonstrate that she entered into an agreement with a government agent possessing authority to bind the United States in a contract. Ms. Black's Amended Complaint "contains no non-frivolous, non-conclusory allegations of fact even remotely suggesting that [s]he had a contract with the United States." *Gorrio v. United States*, No. 24-cv-0354, 2024 WL 5711596, at *3 (Fed. Cl. Apr. 11, 2024), *aff'd,* No. 2024-cv-1832, 2025 WL 1619774 (Fed. Cir. June 9, 2025). Thus, this Court must dismiss any purported breach-of-contract claim for lack of subject-matter jurisdiction.

Second, the Court lacks subject-matter jurisdiction over Ms. Black's takings claims as she fails to allege any facts to demonstrate a taking by the United States. *See* Am. Compl. Ex. 8-46. Under the Fifth Amendment's just compensation clause, Ms. Black "must establish that [she] was the owner of property and that some portion of the property was taken for a public purpose." *Applegate v. United States*, 35 Fed. Cl. 406, 413 (1996). Ms. Black is "required to plead [her] claim by a preponderance of evidence." *Mandry v. United States*, 165 Fed. Cl. 170, 173 (2023) (citing *McNutt v. Gen. Motors Acceptance Corp. of Ind.*, 298 U.S. 178, 189 (1936)). Here, the takings claims include "[d]enial of *in forma pauperis* status under biased circumstances,"[12] "[r]efusal to docket substantive motions," and the failure to "safeguard[] Plaintiff's identity and location under" the alleged nondisclosure agreement. Am. Compl. Ex. 8-46 at 4. Ms. Black does not have a property right to control the federal court docket related to her case or to an appeal *in forma pauperis* where "'a reasonable person could [not] suppose that the appeal has some merit.'" *Black v. BPM LLP, et al.*, No. 25-cv-1112, Min. Entry (April 10, 2025), ECF No. 85 (quoting *Walker v. O'Brien*, 216 F.3d 626, 631–32 (7th Cir. 2000)). Because Ms. Black "fails to meet the elements necessary to plead a takings claim, this Court lacks jurisdiction." *Id.* (referencing *Parker v. United States*, 93 Fed. Cl. 159, 163 (2010)).

Third, the Court lacks subject-matter jurisdiction over Ms. Black's claims involving federal judicial officers, individuals, and Hinshaw & Culbertson LLP. Ms. Black alleges Judge Perry and Chief Judge Kendall "abused discretion and obstructed filings in Plaintiff's federal case," while "other named actors connected to BPM LLP, Hinshaw Law, and various agencies,

---

[12] While Ms. Black's initial Motion to Proceed *in forma pauperis* was denied as incomplete, after Ms. Black submitted additional information, the District Court granted her Motion to Proceed *in forma pauperis*. *See Black v. BPM LLP, et al*., No. 25-cv-1112, Min. Entry (Feb. 4, 2025), ECF No. 7; *Black v. BPM LLP, et al*., No. 25-cv-1112, Appl. to Proceed *in forma pauperis*, ECF No. 8; *Black v. BPM LLP, et al*., No. 25-cv-1112, Min. Entry (Feb. 6, 2025), ECF No. 9. The district court denied Ms. Black's Motion to Appeal *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(3). *Black v. BPM LLP, et al*., No. 25-cv-1112, Min. Entry (April 10, 2025).

acted in coordinated retaliation and fraud." Am. Compl. at 2, 7. "The only proper defendant for any matter before this court is the United States, not its officers nor any other individual." *Stephenson v. United States*, 58 Fed. Cl. 186, 190 (2003). Where the "relief sought is against others than the United States," the suit "must be ignored as beyond the jurisdiction of the [C]ourt." *United States v. Sherwood,* 312 U.S. 584, 588 (1941). Consequently, it is well settled that "claims against state, local officials, or private individuals or entities" cannot proceed in this Court. *Curie v. United States*, 163 Fed. Cl. 791, 808–09 (2022) (collecting cases); *see* 28 U.S.C. § 1491(a)(1) ("The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim *against the United States . . . .*") (emphasis added). Ms. Black's claims against federal officials, attorneys, and private parties are outside the Court's jurisdiction. *See Rohland v. United States*, 136 Fed. Cl. 55, 65 (2018). Further, Ms. Black "cannot circumvent this Court's jurisdiction 'by merely naming the United States as defendant where the true nature of her allegations are lodged against a private party.'" *Barksdale*, 174 Fed. Cl. at 172 (quoting *Doiban*, 173 Fed. Cl. 527). Ms. Black's Amended Complaint must be dismissed for lack of jurisdiction as she brings claims against Northern District of Illinois judges, courts, individuals, and non-federal entities. *See* 28 U.S.C. § 1491(a); *Sherwood*, 312 U.S. at 588.

Fourth, Ms. Black's constitutional claims are outside of this Court's jurisdiction. The Court lacks jurisdiction over constitutional claims that do not mandate payment. *See LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Ms. Black alleges violations of the First, Fourth, Fifth, Eighth, Fourteenth, and Fifteenth Amendments. *See* ECF No. 8-2 at 3–5, 7–8, 12. However, none of these constitutional provisions are money mandating. *See Stephens v. United States*, 166 Fed. Cl. 598, 605 (2023) (citing *United States v. Connolly*, 716 F.2d 882, 887–88 (Fed. Cir. 1983) (holding that "the Claims Court lacks jurisdiction over [plaintiff's] first amendment claim")); *Kenyon v. United States*, 683 F. App'x 945, 946 (Fed. Cir. 2017) ("the Fourth, [] and Eighth Amendments, as well as the Due Process clauses of the Fifth and Fourteenth Amendments are not 'money-mandating'"); *Harvey v. United States*, 683 F. App'x 942, 943 (Fed. Cir. 2017) ("The [Court of Federal Claim's] limited jurisdiction does not extend to claims brought under . . . the Due Process clauses of the Fifth and Fourteenth Amendments, because they do not contain money-mandating provisions.").

Fifth, Ms. Black's challenges to alleged civil rights violations by court officials are outside of the Court's jurisdiction. *See McDermott v. United States*, 130 Fed. Cl. 412, 413–414 (2017) (explaining that it is "well settled" that the Court of Federal Claims has no jurisdiction over civil rights claims). Ms. Black alleges "civil rights violations committed by the U.S. Court of Appeals for the Seventh Circuit." Am. Compl. Ex. 8-4 at 2. However, this Court cannot "intervene in any proceeding" before another court. *McDermott*, 130 Fed. Cl. at 414. Similarly, Ms. Black's allegation of a constitutional tort under *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) (known as a *Bivens* claim), must be dismissed as being outside of the Court's jurisdiction. *See Jarvis v. United States*, No. 17-cv-0762, 2017 WL 4674048, at *4 (Fed. Cl. 2017) (dismissing plaintiff's *Bivens* claims); *Brown v. United States*, 105 F.3d 621, 624 (Fed. Cir. 1997) (finding that *Bivens* actions "lie outside the jurisdiction of the Court of Federal Claims").

Sixth, the Court lacks subject-matter jurisdiction over Ms. Black's tort claims for negligence, intentional infliction of emotional distress, tortious interference in business, and

fraud. *See* Am. Compl. at 7. Again, "[i]t is well settled" that this Court "lacks [] jurisdiction to entertain tort claims." *Shearin v. United States*, 992 F.2d 1195, 1197 (Fed. Cir. 1993). Indeed, the Tucker Act expressly limits this Court's jurisdiction to "cases *not* sounding in tort." 28 U.S.C. § 1491(a)(1) (emphasis added); *see also Aetna Cas. & Sur. Co. v. United States*, 655 F.2d 1047, 1059 (Ct. Cl. 1981) ("Tort claims, of course, are expressly beyond our Tucker Act jurisdiction."); *Bennett v. United States*, 169 Fed. Cl. 486, 494 (2024) ("[I]t is axiomatic that this Court lacks jurisdiction over tort claims, as expressly stated by the Tucker Act."). Accordingly, the Court must dismiss Ms. Black's claims sounding in tort. *See* 28 U.S.C. § 1491(a)(1); *Aetna Cas. & Sur. Co.*, 655 F.2d at 1059.

Finally, the Court lacks jurisdiction over Ms. Black's allegations of violations of her human rights based on the International Covenant on Civil and Political Rights ("ICCPR") and the Universal Declaration of Human Rights ("UDHR"). *See* Am. Compl. Ex. 8-48. The Court does not have jurisdiction "of any claim against the United States growing out of or dependent upon any treaty entered into with foreign nations." 28 U.S.C. § 1502. "[T]he Tucker Act contains no language permitting this court to entertain jurisdiction over claims founded upon customary international law" such as the UDHR. *Phaidin v. United States*, 28 Fed. Cl. 231, 234 (1993). "[M]ultinational agreements do not create enforceable obligations" establishing a "right for money damages against the United States under the Tucker Act." *Pikulin v. United States*, 97 Fed. Cl. 71, 77–78 (2011), *appeal dismissed*, 425 Fed. Appx. 902 (Fed. Cir. 2011). Accordingly, Ms. Black's claims arising under the ICCPR and UDHR are dismissed for lack of jurisdiction.

As none of Ms. Black's claims are within the scope of this Court's narrow jurisdiction, the Court must dismiss Ms. Black's Amended Complaint for lack of subject-matter jurisdiction pursuant to RCFC 12(b)(1).[13]

---

[13] Ms. Black also seeks relief that this Court lacks the ability to award. Ms. Black seeks extensive relief including—in part—declaratory relief, monetary damages, disqualification of Hinshaw & Culbertson LLP and judicial officers, enforcement of a nondisclosure agreement with sanctions, investigations of Northern District of Illinois judges, and monetary requests for trillions of dollars. *See* Am. Compl. 4–5, 8, 15, 20–21, 113; Am. Compl. Ex. 8-2 at 4, 21–22, 33, 41, 44, 51–52; Am. Compl. Ex. 8-4 at 12–14, 16–18, 28, 30; Am. Compl. Ex. 8-20 at 3–4; Am. Compl. Ex. 8-21 at 3–4; Am. Compl. Ex. 8-26 at 4; Am. Compl. Ex. 8-27 at 4; Am. Compl. Ex. 8-29 at 4; Am. Compl. Ex. 8-30 at 4; Am. Compl. Ex. 8-32 at 3–4; Am. Compl. Ex. 8-34 at 3–4; Am. Compl. Ex. 8-38 at 3; Am. Compl. Ex. 8-39 at 3; Am. Compl. Ex. 8-40 at 2–3; Am. Compl. Ex. 8-41 at 4–5; Am. Compl. Ex. 8-42 at 4–5; Am. Compl. Ex. 8-44 at 3–4; Am. Compl. Ex. 8-46 at 3–4; Am. Compl. Ex. 8-48 at 2–4; 8-49 at 2–4. The Tucker Act permits the Court to "grant equitable relief ancillary to claims for monetary relief over which it has jurisdiction, [but] there is no provision giving the Court [] jurisdiction to grant equitable relief when it is unrelated to a claim for monetary relief." *Nat'l Air Traffic Controllers*, 160 F.3d 714, 716 (Fed. Cir. 1998); *see also Stephanatos v. United States*, 81 Fed. Cl. 440, 445 (2008) ("It is rudimentary that the Court of Federal Claims lacks jurisdiction to grant general equitable relief") (citing *Brown*, 105 F.3d at 624). This Court may grant declaratory relief, under "limited circumstances" such as in bid protests or "where the declaratory relief requested is 'an incident of and collateral' to a money judgment." *Stephanatos*, 81 Fed. Cl. at 445 (quoting *James v. Caldera*, 159 F.3d 573, 580–81 (Fed. Cir. 1998)). Ms. Black's broad request for relief, including an extraordinary sum of

**II.     The Motion for Relief from Judgment Under Rule 60(b) is Premature.**

On June 30, 2025, Ms. Black filed a Motion for Relief from Judgment Under Rule 60(b), ECF No. 12.  When that Motion was filed, the Court had not entered judgment in Ms. Black's case.  *See* Docket.  Accordingly, the request for relief was premature, and the Court **DENIES** Ms. Black's Motion.

## CONCLUSION

For the reasons set forth above, the Court lacks subject matter jurisdiction over Ms. Black's claims and must dismiss them pursuant to RCFC 12(b)(1).  Accordingly, the Court hereby **GRANTS** the United States' Motion to Dismiss, ECF No. 10, and **DISMISSES** Plaintiff's Amended Complaint, ECF No. 8.  Additionally, Ms. Black's deficient filings received between June 30, 2025 and July 29, 2025 are **REJECTED**, and the Motion for Relief From Judgment, ECF No. 12, is **DENIED**.  The Clerk of Court shall enter **JUDGMENT** accordingly.  The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith because, as alleged, Ms. Black's claims are outside the jurisdiction of this Court and incurable.[14]

Ms. Black is reminded that she is enjoined from filing any new documents with the Court without first obtaining leave from the Chief Judge.  *See* Anti-Filing Inj. Order.  Any motion for leave to file must include as an attachment a full complaint that meets all the requirements of RCFC 8, including an explanation of why the complaint is timely and properly before this Court and unrelated to any prior litigation Ms. Black has pursued.  If the Court grants a motion for leave to file, Ms. Black will be required to pay in full the Court's filing fee to proceed.

**IT IS SO ORDERED.**

ROBIN M. MERIWEATHER
Judge

---

damages, is well outside this Court's limited equitable powers.

[14] The District Court similarly certified that an appeal taken by Ms. Black would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) because a reasonable person "could [not] suppose that the appeal has some merit."  *Black v. BPM LLP, et al.*, No. 25-cv-1112, Min. Entry (April 9, 2025), ECF No. 81.  The District Court noted that while Ms. Black's "first complaint survived the Court's frivolousness analysis required under 28 U.S.C. § 1915(e)(2)(B), the subsequent complaints [were] increasingly irrational."  *Black v. BPM LLP, et al.*, No. 25-cv-1112 at Min. Entry (March 24, 2025), ECF No. 79.  Ms. Black's allegations were "implausible and frivolous" as they "alleged things like attacks through divination, witchcraft, and voodoo."  *Id.*